UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| S.A. AND L.A., BY THEIR NEXT FRIEND ANGI ALLEN; H.B., BY HER NEXT FRIEND JULIE BEANER; Ad.S. AND Al.S., BY THEIR NEXT FRIENDS BRYAN SCHAVE AND BRANDI SCHAVE; S.D., BY HER NEXT FRIENDS JENNIFER DEGROOT AND PHILIP DEGROOT; A.L., BY HER NEXT FRIEND NATHAN LEUNING; M.B., BY HER NEXT FRIEND JOSEPH BILDERBACK; M.D., BY HER NEXT FRIEND DAVID DENSON; M.W., BY HER NEXT FRIENDS EUGENE WARE AND MARSHA WARE; KA, BY HER NEXT FRIEND CATHY ANDERSON, and R.T., BY HER NEXT FRIENDS LUKE AND BOBBIE TIBBETTS<br><br>Plaintiffs,<br><br>v.<br><br>SIOUX FALLS SCHOOL DISTRICT 49-5; JANE STAVEM, in her official capacity as Superintendent, and CASEY MEILE, in his official capacity as Coordinator of Athletics for the Sioux Falls School District No. 49-5<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:23-cv-4139<br><br><br><br><br><br><br><br><br><br>C O M P L A I N T |

The above-named Plaintiffs, by and for their Complaint, state and allege as follows:

1

## NATURE OF THE ACTION

1. The Sioux Falls School District (the "District") adopted a budget on July 10, 2023, that eliminated all funding for gymnastics as a school sport in the District.

2. If permitted to implement this decision, the District will deny female students the same level of opportunity and benefits that it is affording to male students and thereby fail to comply with its legal obligations under Title IX of the Education Amendments of 1972 ("Title IX").

3. Plaintiffs are among the approximately four dozen female student athletes who have been or will be deprived of the opportunity to participate in school-sponsored gymnastics as a result of the decision to eliminate all funding for gymnastics as part of the 2023-2024 budget.

4. The District has violated federal law by failing to provide female students with equitable and fair athletic opportunities and athletic benefits and by providing male students with substantially greater access and opportunity to participate in athletics than are provided to female students.

5. Defendants' conduct constitutes unlawful sex discrimination under Title IX of the Education Amendments of 1972 and the Equal Protection Clause of the Fourteenth Amendment to United States Constitution.

6. Plaintiffs have suffered, and will continue to suffer, irreparable harm unless and until the District is enjoined from proceeding with its unlawful action.

7. Plaintiffs bring this action (a) to obtain a temporary restraining order to prevent the sale of gymnastics equipment that was previously used by the District as part of the school-sponsored and –funded gymnastics program; (b) to obtain preliminary and permanent injunctive relief to prevent the District from eliminating gymnastics and thereby violating its obligations under federal law and to remedy the unlawful sex discrimination by the District against present

2

and future student athletes who are or will be participants in gymnastics program; and (c) to enjoin further discriminatory and unlawful action in violation of the civil rights of Plaintiffs and similarly situated students.

**JURISDICTION, VENUE, AND PARTIES**

8. Plaintiffs bring this action under 20 U.S.C. §1681 et seq, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

9. This Court has jurisdiction under 28 U.S.C. § 1331 and §§ 1343(3) and (4).

10. Venue is proper in the Southern Division of the District of South Dakota under 28 U.S.C. § 1391 because events giving rise to Plaintiffs' claims occurred therein.

11. The District is an educational institution comprised of elementary, middle, and secondary schools in Sioux Falls, South Dakota.

12. Defendant Jane Stavem is the Superintendent of the District and is named in her official capacity.

13. Defendant Casey Meile is the Coordinator of Athletics of the District and is named in his official capacity.

14. Plaintiff S.A. is aged 11 and enrolled in the District as a 6th grader.

15. Plaintiff L.A. is 7 years old and enrolled in the District as a 2nd grader.

16. Plaintiff H.B. is 14 years old and enrolled in the District as an 8th grader.

17. Plaintiff A.L. is 17 years old and enrolled in the District as 12th grader.

18. Plaintiff Ad. S. is 9 years old and enrolled in the District as a 4th grader.

19. Plaintiff Al. S. is 6 years old and enrolled in the District as a kindergartener.

20. Plaintiff S.D. is 14 years old and enrolled in the District as an 8th grader.

21. Plaintiff M.B. is 16 years old and enrolled in the District as an 11th grader.

22. Plaintiff M.B. is 14 years old and enrolled in the District as a 9th grader.

23. Plaintiff R.T. is 12 years old and enrolled in the District as a 7th grader.

**FACTS COMMON TO ALL COUNTS**

24. The District receives federal funding and is obligated to comply with Title IX.

25. Each of the above-named Plaintiffs actively participated in, or has an interest and intent to actively participate in, the sport of gymnastics that was previously sponsored and funded by the District.

26. Each of the above-named Plaintiffs will suffer an injury in the event that the District is permitted to eliminate gymnastics as a school-sponsored and school-funded sport.

27. Before the District eliminated the gymnastics program, it made a series of decisions that undermined the program and discouraged participation therein.

28. Previous actions taken by the District diminished the interest and overall participation in gymnastics by, among other things, limiting the number of locations where gymnastics was held, decreasing the number of busing opportunities and thereby making it more difficult for interested athletes to attend practices, cutting the middle school gymnastics program, and consolidating the number of qualified coaches hired by the District to coach young gymnasts.

29. These actions were not undertaken in response to reduced participation, but rather caused reduced participation that would eventually be cited to justify the District's unlawful action.

30. The prevailing standard to assess compliance with Title IX is set forth in a 1979 agency interpretation issued by the Department of Health, Education, and Welfare.

31. This 1979 agency interpretation (hereafter, the "Interpretation") identifies three prongs that guide an assessment of whether an educational institution has complied with the requirements of Title IX.

4

32. The three prongs are as follows:

(1) Whether intercollegiate level participation opportunities for male and female students are provided in numbers substantially proportionate to their respective enrollments; or

(2) Where the members of one sex have been and are underrepresented among intercollegiate athletes, whether the institution can show a history and continuing practice of program expansion which is demonstrably responsive to the developing interest[s] and abilities of the members of that sex; or

(3) Where the members of one sex are underrepresented among intercollegiate athletes, and the institution cannot show a continuing practice of program expansion such as that cited above, whether it can be demonstrated that the interests and abilities of the members of that sex have been fully and effectively accommodated by the present program.

1979 Policy Interpretation, 44 Fed. Reg. at 71,418.

33. These standards apply with equal force to collegiate and high school athletic programs.

34. As of April 2023 – the time when the initial proposed budget was approved – the District had sufficient interest to field competitive gymnastics teams, as demand and interest for participation in gymnastics remained high and other schools throughout the state continue to offer gymnastics at the high school level.

35. The unlawful and unjustified decision to terminate gymnastics has deepened the disproportionate participation opportunities that the District provides to male students, on the one hand, and female students on the other.

36. Publicly-available data confirms that the District has failed to maintain sufficient gender parity with respect to athletic opportunities afforded to male and female students.

37. Based on publicly-available data, the total number of students enrolled in the District's high schools in 2022-2023 was 7,256, of which 3,550 were female and 3706 were male:

5

TABLE 1: ENROLLMENT NUMBERS AT SFSD BY GENDER (HS)

| YEAR | Girls | Percentage Girls | Boys | Percentage Boys | Total |
|---|---|---|---|---|---|
| 2022-23 | 3,550 | 48.9% | 3706 | 51.1% | 7,256 |

38. In 2022-2023, approximately 1,920 high school students participated in a school-sponsored athletic program, of which 799 were female and 1,121 were male.

TABLE 2A: ATHLETIC PARTICIPATION AT SFSD BY GENDER (HS - DUPLICATED)

| YEAR | Girls | Percentage Girls | Boys | Percentage Boys | Total |
|---|---|---|---|---|---|
| 2022-23 | 799 | 41.6% | 1,121 | 58.4% | 1,920 |

39. Although female students comprise approximately 48.9% of the District's student body, female student athletes comprise only 41.6% of the students who participate in school-sponsored athletic programs.

40. The difference between the total percentage of female students and the total percentage of female student athletes is 7.3%.

TABLE 3A: DIFFERENCE BETWEEN GIRLS' ENROLLMENT & PARTICIPATION

| YEAR | Difference between Girls' Enrollment % & Girls' Athletic Participation % |
|---|---|
| 2022-23 | 7.3% |

41. Eliminating gymnastics will mean that the total number of female student athletes will decrease, with a conservative estimate of 32 fewer female student athletes. Assuming that total enrollment and the percentage of students who participate in school-sponsored athletics remains relatively constant in 2023-2024, that will increase the disparity between rates of participation in athletics in female students and male students.

TABLE 2B: ATHLETIC PARTICIPATION AT SFSD BY GENDER (HS - DUPLICATED)

| YEAR | Girls | Percentage Girls | Boys | Percentage Boys | Total |
|---|---|---|---|---|---|
| 2023-24 | 767 | 40.6% | 1,121 | 59.4% | 1,888 |

42. Under the same assumptions, the elimination of the gymnastics program will also increase difference between the total percentage of female students and the total percentage of female student athletes to approximately 8.3%.

TABLE 3B: DIFFERENCE BETWEEN GIRLS' ENROLLMENT & PARTICIPATION

| YEAR | Difference between Girls' Enrollment % & Girls' Athletic Participation % |
|---|---|
| 2023-24 | 8.3% |

43. The decision to eliminate gymnastics will increase the level of gender disparity in athletic participation as between female and male students in the District and bring the District further out of compliance with Title IX's substantial proportionality requirements.

44. On information and belief, before adopting the April 2023 preliminary budget including elimination of the gymnastics program, members of the Sioux Falls School Board were erroneously informed that the District could permissibly eliminate gymnastics because the District had added softball and girls' wrestling before eliminating gymnastics.

45. The standards that govern compliance with Title IX's compliance do not assess proportionality of opportunity based on the number of school-sponsored sports that are offered to individuals of each gender.

46. Instead, those standards focus on the overall number of participants of each gender as against the overall makeup of the relevant student body.

47. Stated differently, the District cannot excuse its elimination of one school-sponsored sport (gymnastics) based on earlier decision to add one or more sports (girls' wrestling

7

and softball), if the net effect is to exacerbate the underlying inequitable opportunity that is provided to female students as compared to their male counterparts.

48. The overall level of each gender's participation, not the number of sports available to each gender, is what matters.

49. The disproportionate level of opportunity and gender disparity in the District has increased as a result of the decision to eliminate the school-sponsored gymnastics program.

50. The addition of opportunities to participate in wrestling and softball does not excuse or mitigate the failure to provide proportionate numbers of athletic opportunities to female athletes.

51. A synopsis of this publicly-available data was included in a letter that was sent on to general counsel for the District on August 23, 2023.

52. The letter offered the District the opportunity to provide historical data that was not publicly available regarding female student athlete participation, as such data would directly bear on the question of whether the District has a "history and continuing practice of program expansion" for girls.

53. The District was given until August 31, 2023 to respond.

54. As of this filing, the District has not provided the requested data, but has indicated it will do so.

55. Even before the District eliminated gymnastics program, the level of participation opportunities provided to male and female student athletes are not substantially proportionate to the enrollment numbers of male and female students, respectively.

56. The move to cut gymnastics brings the District further out of compliance with compliance standards governing participation opportunities under Title IX.

57. The District cannot cure its lack of compliance under the second prong of the Interpretation because it does not have a history and practice of expanding its athletic programs in response to the developing interests and abilities of students.

58. The District cannot cure its lack of compliance under the third prong of the Interpretation because it cannot demonstrate that the interests and abilities of female student athletes have been fully and effectively accommodated by the present program.

59. In the wake of its decision to eliminate the gymnastics program, the District has disclosed an intent to sell the gymnastics equipment that was previously used.

60. The deadline for interested buyers to submit bids on the equipment was September 11, 2023.

61. Plaintiffs seek to enjoin the District from taking any action to sell, dispose, or relinquish possession of the gymnastics equipment until such time as they have been afforded the opportunity to be heard.

**COUNT 1: VIOLATIONS OF TITLE IX**

62. Plaintiffs incorporate by reference each and every previous allegation, as if fully stated herein.

63. Female students in the District have been and are underrepresented among the overall student athlete population in the District.

64. By eliminating the gymnastics program, the District has increased the scope and extent of this underrepresentation and increased the scope and extent of gender disparity in its athletic programs.

65. The District has failed to comply with federal law requiring that female students be afforded participation opportunities in numbers that are substantially proportionate to the

overall number of students enrolled in the District and that are also substantially proportionate to participation opportunities that are afforded to male students.

66. The District cannot invoke other safety-valve assessments (the second and third prong of the Interpretation) which conceivably cure this violation of federal law.

67. Separate and apart from its violations of Title XI requirements regarding participation opportunities, the District has also failed to provide female students with treatment and benefits that are comparable to the treatment and benefits afforded to male student athletes, including with respect to the number and quality of practice and competitive facilities, locker rooms, coaches and coaching facilities, and funding.

68. The inequitable treatment of female students enrolled in the District constitutes a fundamental failing by the District to comply with the requirements of Title IX and its implementing regulations (including but not limited to 34 CFR §§ 106.31 and 106.41).

**COUNT 2: VIOLATIONS OF 42 U.S.C. § 1983**

69. Plaintiffs incorporate by reference each and every previous allegation, as if fully stated herein.

70. Defendants' violations of federal law also constitute a violation of Plaintiffs' right to equal protection under the law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

71. By and through this misconduct, Defendants have unlawfully deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and thereby violated 42 U.S.C. § 1983.

## COUNT 3: PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

72. Plaintiffs incorporate by reference each and every previous allegation, as if fully stated herein.

73. Plaintiffs and similarly situated female students who have participated or would like to participate in gymnastics will suffer irreparable harm as a result of Defendants' unlawful misconduct, absent intervention from the Court to enforce federal law and enjoin Defendants from violating federal law.

74. Plaintiffs are entitled to a temporary restraining order barring the District from selling or transferring ownership of any equipment used by the District as part of the gymnastics program.

75. Plaintiffs are entitled to entry of a preliminary and permanent injunction enjoining the District and Defendants from eliminating the gymnastics program and taking any other action in violation of the requirements of Title IX and Plaintiffs' constitutional and civil rights.

WHEREFORE, Plaintiffs respectfully request that the Court grant relief as follows:

1. Entry of a temporary restraining order barring the District from taking any action to accept any bid for the purchase of, or to otherwise sell, dispose of, or transfer possession or ownership of gymnastics equipment previously used by participants in the gymnastics program;

2. Entry of a preliminary injunction barring the District from eliminating the gymnastics program on the grounds that the intended action would violate federal law, including Title IX and the implementing regulations thereof, and violate Plaintiffs' civil rights.

3. An Order directing the District to develop and implement measures necessary to bring its athletic program into compliance with Title IX.

4. An Order granting Plaintiffs' reasonable attorneys fees incurred in pursuing this action; and

5. Such further and additional equitable relief as necessary and appropriate.

Date: September 12, 2023.

                CADWELL SANFORD DEIBERT & GARRY LLP

                By  */s/ Alex M. Hagen*
                    Alex M. Hagen
                    Claire Wilka
                    200 East 10th St., Suite 200
                    Sioux Falls SD 57104
                    ahagen@cadlaw.com
                    cwilka@cadlaw.com
                    (605) 336-0828
                    Attorneys for Plaintiffs
                    *Electronically Filed*

## **VERIFICATION**

Angi Allen, as next friend of Plaintiffs S.A. and L.A., being first duly sworn on her oath, states and attests that she have reviewed the Complaint, that she believes that all of the allegations regarding which she has personal knowledge are true, and that she believes that all of the allegations of which she does not have personal knowledge are based on specified information and documents she has been provided, including the exhibits included as part of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunctive Relief, and which she also believes to be true to the best of her knowledge and understanding.

                                                                 _____
                                                                  Angi Allen

to accept any bid for the purchase of, or to otherwise sell, dispose of, or transfer possession or ownership of gymnastics equipment previously used by participants in the gymnastics program;

2. Entry of a preliminary injunction barring the District from eliminating the gymnastics program on the grounds that the intended action would violate federal law, including Title IX and the implementing regulations thereof, and violate Plaintiffs' civil rights.

3. An Order directing the District to develop and implement measures necessary to bring its athletic program into compliance with Title IX.

4. An Order granting Plaintiffs' reasonable attorneys fees incurred in pursuing this action; and

5. Such further and additional equitable relief as necessary and appropriate.

Date: September 12, 2023.

                                CADWELL SANFORD DEIBERT & GARRY LLP

                                By  */s/ Alex M. Hagen*
                                     Alex M. Hagen
                                     Claire Wilka
                                     200 East 10th St., Suite 200
                                     Sioux Falls SD 57104
                                     ahagen@cadlaw.com
                                     cwilka@cadlaw.com
                                     (605) 336-0828
                                     Attorneys for Plaintiffs
                                     *Electronically Filed*

## **VERIFICATION**

       Angi Allen, as next friend of Plaintiffs S.A. and L.A., being first duly sworn on her oath, states and attests that she have reviewed the Complaint, that she believes that all of the allegations regarding which she has personal knowledge are true, and that she believes that all of the allegations of which she does not have personal knowledge are based on specified information and documents she has been provided, including the exhibits included as part of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunctive Relief, and which she also believes to be true to the best of her knowledge and understanding.

                                                                    Angi Allen

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
S.A. AND L.A., BY THEIR NEXT FRIEND ANGI ALLEN; H.B., BY HER NEXT FRIEND JULIE BEANER; Ad.S.

**DEFENDANTS**
Sioux Falls School District 49-5; Jane Stavem; Casey Meile

(b) County of Residence of First Listed Plaintiff  Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Minnehaha
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Claire Wilka
Alex Hagen
Cadwell Sanford Deibert &Garry LLP

Attorneys *(If Known)*
Reece Almond
Davenport Evans Hurwitz & Smith LLP
206 W 14th Street

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 USC 1681; 42 USC 1983
Brief description of cause:
Title IX gender discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
9/12/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Alex M. Hagen

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE