UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
NOV 08 2023

| | |
|---|---|
| S.A., L.A., H.B., AD.S., AL.S., S.D., A.L., M.B., M.D., M.W., K.A., R.T., <br><br>Plaintiffs, <br><br>vs. <br><br>SIOUX FALLS SCHOOL DISTRICT 49-5, <br><br>Defendant. | 4:23-CV-04139-CBK <br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING OUTCOME OF APPEAL |

This matter is before the Court on defendant's, the Sioux Falls School District 49-5's ("the District"), motion to stay district court proceedings pending outcome of appeal. Doc. 31. The District's motion clarifies that it does not seek to stay the Court's preliminary injunction (Doc. 26), but to stay "...continued proceedings such as responding to the complaint, discovery, and additional motions practice." Doc. 31 at 1. The plaintiffs, S.A, L.A., H.B., AD.S., AL.S., S.D., A.L., M.B., M.D., M.W., K.A., and R.T. ("plaintiffs"), replied with a brief in opposition to the District's motion to stay proceedings pending appeal. Doc. 33. For the following reasons below, the District's motion is denied.

**LAW**

28 U.S.C.A §1292(a)(1) confers jurisdiction to courts of appeal over appeals from interlocutory orders by district court's granting or refusing preliminary injunctions. 28 U.S.C.A §1292(a)(1). Generally, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of "...*control over those aspects of the case involved in the appeal.*" Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, (1982) (emphasis added). Thus, the filing of a notice of appeal of a preliminary

injunction, an interlocutory order "...does not ipso facto divest the district court of jurisdiction to proceed with the cause [of the complaint] with respect to any matter not involved in the appeal or operate to automatically stay other proceedings in the cause pending the appeal." Janousek v. Doyle, 313 F.2d 916, 920 (8th Cir. 1963); West Pub. Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1229 (8th Cir. 2019) (the 8th circuit in dicta on the procedural posture of the case regarding a grant of preliminary injunction stated, "...the pendency of an interlocutory appeal from an order granting or denying a preliminary injunction does not wholly divest the District Court of jurisdiction over the entire case."); see also, Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985) (Supreme Court elaborated that Griggs, 459 U.S at 58 "...does not imply that an appeal from a judgment of criminal contempt based on noncompliance with discovery order transfers jurisdiction over the entire case to the court of appeals." The Supreme Court rested this reasoning on 28 U.S.C §1291 which grants appellate jurisdiction over such cases, this is analogous to 28 U.S.C §1292 grant of appellate jurisdiction over interlocutory appeals.)

When there is an interlocutory appeal, courts will have discretion whether to grant or deny a motion to stay discovery and further proceedings on any remaining issues not brought up to the appellate court on interlocutory appeal. Assoc. of Equip. Mfrs. v. Burgum, 2018 U.S. Dist. LEXIS 216377 (D.N.D. Mar. 5, 2018). In Assoc. of Equip. Mfrs. v. Burgum, the North Dakota district court was faced with procedural facts identical to the District's motion at hand. Id. The North Dakota district court had granted a preliminary injunction which the defendant's appealed. Id. The defendants then filed a motion to stay the discovery and all other proceedings in the case while they awaited the results of their appeal of the preliminary injunction. Id. Specifically, the defendants did not seek to stay enforcement of the preliminary injunction itself, only to stay further proceedings at the district court level. Id. The district court found,

> "...that a stay of discovery and other proceedings pending the outcome of an interlocutory appeal falls within the inherent power of a court to manage its

docket. A district court has broad discretion to stay proceedings when appropriate to control its docket, converse [sic] judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants. See Clinton v. Jones, 520 U.S. 681, 706 (1997); Sierra Club v. U.S. Army Corps of Engineers, 446 F.3d 808, 816 (8th Cir. 2006); Barnes v. Zurn Pex, Inc., No. 1:07-cv-74, 2008 WL 111217, *2 (D.N.D. Jan. 9, 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ). The consideration to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance." Barnes, 2008 WL 111217 at *2. The party requesting a stay must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay will work damage to another. Id.

Assoc. of Equip. Mfrs. v. Burgum, 2018 U.S. Dist. LEXIS 216377 (D.N.D. Mar. 5, 2018). I agree with the Hon. Chief Judge Daniel L. Hovland and adopt this reasoning.

## ANALYSIS

The District's notice of appeal only elevated the issue of whether the plaintiff's motion for a preliminary injunction was properly granted and left the issue of whether the District is in compliance with Title IX before this Court. Plaintiffs, in their complaint stated three counts: 1. violations of Title IX; 2. violations of 42 U.S.C. §1983; and 3. preliminary and injunctive relief. Doc. 1. This Court found plaintiffs abandoned count two. Doc. 26 at 9. This Court granted plaintiff's request for a preliminary injunction, count three, based on finding that on balance, the Dataphase factors favored preserving the status quo as litigation moved forward on count one, the issue of whether the District is in violation of Title IX. Doc. 1, Doc. 3, Doc. 26. The District, in their notice of appeal, has specifically appealed,

> "the Memorandum Opinion and Order Granting Preliminary Injunction [Doc. 26] …which temporarily enjoined the District from (a) eliminating the Sioux Falls School District's gymnastics program; (b) selling the gymnastics program's equipment; (c) reducing support for the gymnastics program below the prior 2022-2023 budget; and (d) restricting or denying the gymnastics program access to facilities, coaching, training, or competitive opportunities, all without requiring security from Plaintiffs."

Doc. 27. The District only appealed the grant of preliminary injunction. Doc. 26, Doc. 27. While the District contends that the "gravamen" of the issue before the Eighth Circuit is "whether the District is required to offer a gymnastics program," this is wrong, and misconstrues the scope of their appeal quoted above. Doc. 27, Doc. 32.

  It is the Court's understanding that the issue which remains before it is whether the District is in compliance with Title IX since the District has only appealed the grant of preliminary injunction. Doc. 26, Doc. 27. As stated in my order granting preliminary injunction, the purpose of a preliminary injunction, "is to prevent future acts that may result in irreparable injury, loss, or damage to the parties involved by preserving the status quo" in the liminal stages of litigation. Doc. 26 at 4. While the Dataphase factors require an analysis of plaintiffs' likelihood of success on the merits, the grant of preliminary injunction is not a decision on the merits. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Thus, the issue of whether the District is in fact in violation of Title IX has not been settled and is not on appeal. Doc. 26, Doc. 27. Further, since the merits of the issue have not been decided, the District still has the opportunity and ability to prove they are in fact in compliance with Title IX through court proceedings. For the foregoing reasons, for determining what this Court has jurisdiction over, the Court finds that the scope of the District's case involved in the appeal is the issue of whether the grant of preliminary injunction was proper. Griggs, 459 U.S. at 58; Janousek, 313 F.2d at 920; West Pub. Co., 799 F.2d at 1229; see also Marrese, 470 U.S. at 379.

The Court denies the District's motion to stay discovery and further proceedings pending the outcome of their interlocutory appeal under the Court's power to manage its docket. Clinton, 520 U.S. at 706 (Supreme Court wrote, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Sierra Club, 446 F.3d at 816 (Supreme Court cited Clinton, 520 U.S. at 706). The District has not shown they would suffer undue hardship in moving on with discovery and further proceedings. Doc. 32. As stated above, the issue on appeal and the issue which remains with the Court are distinct; thus, the outcome of the District's appeal will not be outcome determinative. Additionally, to ensure the matter is handled with economy of time and effort for itself, counsel, and litigants the Court finds there should be no delay. Lawyers are often prone to procrastination and will procrastinate as long as courts continue to indulge lawyers in this vice. This is shown true by the South Dakota District's backlog of cases awaiting adjudication, which is bound to expand due to the lack of appointments to open South Dakota District Judgeships.

In summary, the Court finds no reason to delay discovery and further proceedings to await the appellate court's decision as it will not impact proceedings and only cause unnecessary delay. Accordingly, the District's motion to stay (Doc. 31) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of November 2023.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge